[Civil No. 1113.   Filed April 2, 1910.]

[108 Pac. 237.]

LEE KIM FONG, Petitioner and Appellant, v. UNITED STATES OF AMERICA, Respondent and Appellee.

ALIENS—EXPULSION — CHINESE EXCLUSION ACTS—"DISTRICT."—Under act of Congress, May 28, 1896, chapter 252, sections 7, 9, 29 Stat. 180, 181 (U. S. Comp. Stats. 1901, pp. 611, 613), the territory of Arizona, though divided for the administration of law and for the holding of district courts with powers of the district and circuit courts of the United States into five judicial districts, with boundaries as established by the justices, is one "district," within act of Congress, March 3, 1901, chapter 845, 31 Stat. 1093 (U. S. Comp. Stats. 1901, p. 1327), authorizing the district attorney of the district in which any Chinese person may be arrested for being found unlawfully within the United States to designate the commissioner within such district before whom such person shall be taken for hearing,

and the district attorney of the territory may designate a commissioner within the first judicial district of the territory as the commissioner before whom a Chinese person arrested in- the second judicial district shall be taken for hearing.

APPEAL from a judgment of the District Court of the First Judicial District, in and for Pima County. John H. Campbell, Judge. Affirmed.

### STATEMENT BY THE COURT.

The appellant was arrested in the county of Santa Cruz in the second judicial district of Arizona, upon a complaint charging him with being a Chinese person unlawfully in the United States. Upon a certificate of the United States attorney for Arizona, a commissioner at Tucson within the first judicial district of the territory of Arizona was designated as the commissioner before whom the appellant should be taken for hearing and trial. Appellant filed a petition in the district court in the first judicial district asking for a writ of prohibition against the commissioner from proceeding. A demurrer to the petition was sustained by the district court, and, from the order entered dismissing the petition for the writ, an appeal has been taken to this court.

Edwin F. Jones, for Appellant.

The judicial district in which a Chinese person is arrested is the forum in which he must be tried. *Fong Yue Ting* v. *United States,* 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905. The district courts of the first and second judicial districts of the territory of Arizona are separate and distinct one from the other, and the territorial jurisdiction of each is likewise distinct and exclusive, and neither can have any jurisdiction to try cases arising within the limits under the jurisdiction of the other.

J. L. B. Alexander, United States Attorney, and George D. Christy, Assistant United States Attorney, for Appellee.

Arizona is one distinct district, and although divided into five judicial districts, does not restrict the trial of offenses against the Chinese Exclusion Act in whatever judicial division the United States attorney may designate. But one United States attorney is appointed for the whole territory,

and not for each of the separate districts composing the judicial divisions of the territory.   The act of March 3, 1901, 31 Stats. at Large, 1093, authorizing the United States attorney to designate the United States commissioner before whom a Chinese person shall be taken for hearing, refers to the district for which the United States attorney is appointed, and that is the whole territory of Arizona.   *Barrett* v. *United States,* 169 U. S. 218, 18 Sup. Ct. 327, 42 L. Ed. 723.

KENT, C. J.—The question involved in the case is whether, under the statute, the United States attorney for the territory of Arizona may designate any United States commissioner within the territory as the officer before whom the Chinese person charged with being unlawfully in the United States may be taken, or whether the commissioner so designated must be a commissioner residing within the specific district in which the person is found.   The statute in question is the act of Congress of March 3, 1901, chapter 845 (31 Stat. 1093 [U. S. Comp. Stats. 1901, p. 1327]), and reads as follows: "That it shall be lawful for the district attorney of the district in which any Chinese person may be arrested for being found unlawfully within the United States, or having unlawfully entered the United States, to designate the commissioner within such district before whom such Chinese person shall be taken for hearing."

There are no United States district judges in the territory of Arizona.   An act of Congress provides that the territory shall be divided into five judicial districts, and provision has been made by Congress that a district court shall be held in each district of the territory by one of the justices of the supreme court of the territory, and the district court presided over by such justice of the supreme court as district judge exercises the same jurisdiction as the circuit and district courts of the United States.   The boundaries of these districts are not defined by Congress, but the territory is divided under the law into five districts by the justices of the supreme court of the territory, and these justices assign a justice to each district, to preside over the district court therein as district judge.   Each justice so sitting as a district judge appoints United States commissioners to act within his own district.

There is appointed for the whole territory but one attorney of the United States for the territory, and but one marshal for the territory. The jurisdiction of the United States attorney and of the marshal covers the whole territory. The jurisdiction of the justices of the supreme court covers the whole territory. The jurisdiction of such justices sitting and acting as district judges covers only the district to which each is assigned. The contention of the appellant is that though under the statute the United States attorney may designate a commissioner before whom the Chinese person may be taken, such designation must be of a commissioner within the particular one of these five judicial districts in which the person is found, and not, as here, a commissioner residing in another of these judicial districts within the territory.

We do not think the contention of the appellant is well founded. The act in question provides that the district attorney of the district in which the Chinese person may be arrested shall designate a United States commissioner within such district. We think for judicial purposes the territory of Arizona is to be considered as but one district. The territory as a whole is attached to the ninth judicial circuit, and Congress in its enactments in relation to the appointment and salaries of United States district attorneys and United States marshals recognizes the territory as a judicial district. Act of Congress approved May 28, 1896, c. 252, secs. 7, 9, 29 Stat. 180, 181 (U. S. Comp. Stats. 1901, pp. 611, 613).

It is true that for the administration of the law in the territory and for the holding of the district courts having the powers of the district and circuit courts of the United States, the territory has by law been divided into five judicial districts, the boundaries of which are established by the justices, and changed by them from time to time. This division of the territory into districts by congressional enactment does not, however, in our opinion, divide the territory for general judicial purposes, if we may use the expression, into five districts, but rather into five divisions of one district, for which one district but one United States attorney and one United States marshal are appointed. By the Revised Statutes of the United States, dividing the various states into judicial districts, the states of California, Connecticut, Delaware, and seventeen others, by section 531 (U. S. Comp. Stats. 1901, p.

316) were divided into districts, each state constituting one district.   By section 546 the state of South Carolina was divided into two districts, called the "eastern" and "western" districts of South Carolina, but one judge only and one marshal and one district attorney were provided for the state of South Carolina.   The supreme court of the United States, in the case of *Barrett* v. *United States,* 169 U. S. 218, 18 Sup. Ct. 327, 42 L. Ed. 723, held upon a review of the various statutes that, although Congress had divided South Carolina into two districts, there were not two judicial districts in the state of South Carolina to the territorial limits of each of which the jurisdiction of the circuit court was confined, but that the whole state comprised but one judicial district. Similarly in Arizona there are not five judicial districts to the limits of each of which the jurisdiction and power of the United States attorney is confined, but there is but one judicial district, although five actual districts or subdivisions thereof. The statute providing that the district attorney of the district may designate a United States commissioner within such district, we think such district can only mean the district of Arizona and not the first or second district of Arizona. The designation of the commissioner in the first district was therefore within the powers conferred on the United States attorney by the statute in question, and the district court did not err in sustaining the demurrer to the petition.

We do not find it necessary to determine whether in any event the appellant could avail himself of a writ of prohibition.

The judgment of the district court is affirmed.

DOAN, LEWIS, and DOE, JJ., concur.